Judge Underwood
delivered the opinion of the Court.
Since the, case of Skinner, &c. vs. Robinson; Hardin 4, it has bfefen the settled law, that where a judgment was rendered against tw6 or morej and a replevin bond was taken,, leaving out one bf thfe defendants in the judgment, the plaintiff in the judgment may have the bond quashed, on. his motion. In Edwards vs. Greenville, Hardin, 188, it was decided; that where a part O'f the defendants; in a judgment* replevied it, they could not avoid the replevin bond* and this has since befen regarded as settled laws Waiving the question* whether it would be competent for the legislature, by any system bf replevins, to Compel a creditor, withoüt his consent, tb abandon his remedy against any one of his debtors, it may be safely affirmed, that the correct practice is, that the execution should conform to the judgment, and the replevin bond to both. If one defendant is omitted in the replevin bond, the creditor’s debt is not So safe.' lie may justly Complain of it, in the absence of positive law, requiring that he shall be content, and for that cause may quash the replevin bond. An act of 1802, limits the time within which motions to quash faulty replevin bonds shall be made. The motion in this Case was friade in time. John Neff, against whom judgment had been rendered, not having been included in, and made a party, to the replevin bond, gave Fulkerson a, right to quash the bond. The circuit court Should not, therefore, have overruled his motiob,- but should have quashed the replevin bond.
Judgment reversed, with directions to quash the replevin bond. The plaintiff must recover costs.